**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-23757-CIV-GRAHAM

DEVAPPA DESSAI,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINE,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court upon Plaintiff Devappa Dessai's Motion to Remand [D.E. 10] and Defendant NCL (Bahamas) LTD.'s Motion to Compel Arbitration [D.E. 4].

**THE COURT** has considered the motions and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff, Devappa Dessai ("Plaintiff") is an Indian seaman and former employee of Defendant, NCL (Bahamas) LTD. ("Defendant"). On or about September 2009, upon joining Defendant's ship, the *Norwegian Sun*, Plaintiff executed a Seafarer's Employment Agreement (the "Agreement") with Defendant. [D.E. 4, Exhibit B]. The Agreement contains an arbitration clause, which provides that

claims and disputes relating to Plaintiff's shipboard employment with Defendant "shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards" (the "Convention"). Id.

On August 31, 2012, Plaintiff filed a complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami, Florida, against Defendant, alleging he was injured while in the course of his employment. The complaint sets forth claims for: (I) Jones Act Negligence, pursuant to 46 U.S.C. § 30104; (II) Unseaworthiness; (III) Failure to Provide Maintenance and Cure; (IV) Failure to Treat; and (V) Wages and Penalties, pursuant to 46 U.S.C. § 10313.

On October 16, 2012, Defendant removed this case to the U.S. District Court for the Southern District of Florida [D.E. 1], pursuant to 9 U.S.C. § 205, and on October 18, 2012, filed its Motion to Compel Arbitration [D.E. 4] in view of the Agreement. Subsequently, on November 15, 2012, Plaintiff filed his Motion for Remand [D.E. 10].

## II. LAW & DISCUSSION

In considering the motions, the Court must address: (A) the enforceability of arbitration agreements under the Convention; and (B) whether the costs of arbitration bar enforcement of the Agreement.

A.  **The enforceability of arbitration agreements under the Convention.**

Plaintiff acknowledges that this Court and the Eleventh Circuit Court of Appeals have already addressed this issue in determining that an arbitration agreement, such as the one here, is subject to the Convention and that a seaman, such as Plaintiff, can be forced into arbitration. See Lindo v. NCL (Bahamas) Ltd., 09-22926-CIV, 2009 WL 7264038 (S.D. Fla. Dec. 23, 2009) aff'd sub nom. Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257 (11th Cir. 2011); Bautista v. Star Cruises, 396 F.3d 1289 (11th Cir. 2005). Plaintiff further concedes that the abovementioned decisions are binding on this Court. Nevertheless, in a good faith attempt to change the law, Plaintiff submits that the Agreement is not subject to arbitration and that this case should be remanded to the Eleventh Judicial Circuit.

Southern District of Florida and Eleventh Circuit precedent clearly dictate that the Convention applies here, and that this Court may compel arbitration. See Lindo, 2009 WL 7264038 at 4; See also Bautista, 396 F.3d at 1289. Furthermore, this Court has previously enforced this arbitration provision in a similar case involving Defendant. See Lindo, 2009 WL 7264038 at 4. Here, the Court finds Plaintiff's argument lacks merit and sees no reason to rule contrary to Southern District of Florida and Eleventh Circuit

precedent. Therefore, the Court will enforce the arbitration provision in the Agreement.

Moreover, when "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. Hence, Defendant's removal here was proper.

> B. **Whether the costs of arbitration bar enforcement of the Agreement.**

Plaintiff submits that the fees and costs of arbitration financially prohibit him from pursuing his claims. In support of his contention, Plaintiff argues that the United States Supreme Court has recognized a prohibitive cost defense to a demand to enforce arbitration. See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000). Since the Supreme Court in Green Tree did not provide a standard for determining when costs of arbitration render an agreement unenforceable, Plaintiff offers the standard laid out in Morrison v. Circuit City Stores, 317 F.3d 646, 663 (6th Cir. 2003). In Morrison, the Sixth Circuit Court of Appeals stated that, when determining whether to enforce an arbitration agreement, it should

4

consider whether the costs of arbitration are great enough to deter a substantial number of similarly situated potential litigants from bringing their statutory claims. See Morrison, 317 F.3d at 663. If so, the costs are held to be prohibitively expensive and the arbitration agreement should not be enforced. Id. Plaintiff asserts that this Court should apply the Morrison standard, hold that arbitration is financially prohibitive, and refuse to enforce the Agreement.

Plaintiff's prohibitive cost defense is strikingly similar to one made before this Court in Bulgakova v. Carnival Corp., No. 09-20023-CIV-SEITZ (S.D.Fla. Jun. 19, 2009). In Bulgakova, the plaintiff similarly set forth a prohibitive cost defense, which also included an analysis of the Green Tree and Morrison cases, and a proposal for the application of the Morrison standard. See Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration at 3, Bulgakova v. Carnival Corp., No. 09-20023-CIV-SEITZ (S.D.Fla. Jun. 19, 2009) (No. 6). The prohibitive cost argument in the Bulgakova case is actually, in some instances, verbatim what Plaintiff argues here. Id.

In Bulgakova, this Court explained that the prohibitive cost defense, which Plaintiff asserts here, was developed and is available under the Federal Arbitration Act (the "FAA"), not the Convention. Order Granting Motion to Compel Arbitration and Denying as Moot Motion for Limited Discovery at 3, Bulgakova v. Carnival

Corp., No. 09-20023-CIV-SEITZ (S.D.Fla. Jun. 19, 2009) (No. 16) (citing Morrison, 317 F.3d at 663). This Court went on to describe the applicable Eleventh Circuit standard, which is to refuse to transfer defenses recognized under the FAA to the Convention, when it is "doubtful that there exists a precise, universal definition of the [defense] that may be applied effectively across the range of countries that are parties to the Convention," and to refrain from formulating such a definition. Id. (citing Bautista, 396 F.3d at 1302 (alteration in original)).

After reviewing the facts and prohibitive cost argument in this case, like in Bulgakova, this Court applies the Eleventh Circuit's standard and finds that, since it is not clear that the prohibitive costs defense is universally applicable, the Court need not apply the defense to the Agreement. See Id.

Additionally, this Court addressed a prohibitive cost defense in Lindo, where the facts were substantially similar to those in this case. See Lindo, 2009 WL 7264038 at 4. As in Lindo, this Court recognizes that economic hardship is not a defense under the Convention. See Id. at 4 (citing Bautista, 396 F.3d at 1302).

Accordingly, for the reasons set forth in Bulgakova and Lindo, Plaintiff's prohibitive cost defense fails.

## II. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [D.E. 10] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Arbitration [D.E. 4] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and Plaintiff's Motion for Leave to File Supplemental Authority [D.E. 16] is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2012.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record